IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CHRISTOPHER WISE,                    *

    Plaintiff                    *

        v.                           *        Civil Action No. DKC-19-2413

ADAM STORIE,                         *

    Defendant                    *
                           ***

## MEMORANDUM OPINION

Christopher Wise filed an action against Detective Adam Storie pursuant to 42 U.S.C. § 1983, alleging that Detective Storie falsified documents and committed perjury in order to obtain an arrest warrant for Mr. Wise's arrest.  Presently pending and ready for resolution is Defendant's motion to dismiss Christopher Wise's complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12 (b)(6).  ECF No. 9.  Mr. Wise has filed a response in opposition (ECF No. 15) and Defendant has replied.  ECF No. 18.  The matter is ripe for disposition and no hearing is necessary.  Local Rule 105.6 (D. Md. 2018).  For the reasons to follow, Defendant's motion will be granted.

## STANDARD OF REVIEW

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the sufficiency of the complaint.  *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).  A plaintiff's complaint need only satisfy the standard of Rule 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed.R.Civ.P. 8(a)(2).  "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007).  That showing must consist of more than  "a formulaic recitation of the elements of a cause of action" or "naked assertion[s] devoid of further factual enhancement."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted).

At this stage, all well-pleaded allegations in a complaint must be considered as true, *Albright v. Oliver*, 510 U.S. 266, 268, (1994), and all factual allegations must be construed in the light most favorable to the plaintiff, *see Harrison v. Westinghouse Savannah River Co*., 176 F.3d 776, 783 (4th Cir. 1999) (citing *Mylan Labs., Inc. v. Matkari,* 7 F.3d 1130, 1134 (4th Cir. 1993). Although a court should construe pleadings of self-represented litigants liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), legal conclusions or conclusory statements do not suffice, *Iqbal,* 556 U.S. at 678.

## FACTS

The following facts are either set forth in the complaint, evidenced by documents referenced or relied upon in the complaint, or are matters of public record of which the court may take judicial notice.[1]

On July 22, 2016, a warrant was issued for Mr. Wise's arrest at the request of Detective Adam Storie as a result of the non-fatal shooting of Richard Bailey.  ECF No. 1, p. 3.  Mr. Wise was taken into custody on July 26, 2016, and charged with first degree attempted murder, conspiracy to commit first degree murder, first degree assault, conspiracy to commit first degree assault, possession of handgun on his person, possession of a handgun in vehicle, use of a firearm in the commission of a crime of violence and reckless endangerment.  ECF No. 1, pp. 2-3.  The statement of charges prepared by Detective Storie stated that "Detectives were able to obtain witness statements and video surveillance as well as obtaining and monitoring telephone record and communications.  Using the aforementioned sources Detectives were able positively to identify

---

[1]    "[A] federal court may consider matters of public record such as documents from prior …court proceedings in conjunction with a Rule 12(b)(6) motion."  *Walker v. Kelly*, 589 F.3d 127, 139 (4th Cir. 2009).

Christopher Wise … as being one of the suspects present . . . ." in the vehicle involved in the shooting of Mr. Bailey.  ECF No. 15-1, p. 2 (Application for Statement of Charges).

Mr. Wise was tried in the Circuit Court for Baltimore City in Case No. 116251018 and was found not guilty of attempted first-degree murder, first degree assault, conspiracy to commit first degree assault, possession of handgun on his person, possession of a handgun in a vehicle, and use of a firearm in the commission of a crime of violence.  ECF No. 9-2 (verdict sheet).  The charges of conspiracy to commit first degree murder and reckless endangerment were dismissed and entered *nolle prosequi*, respectively, on June 7, 2017.  ECF No. 9-3, pp. 2-3 (docket sheet for Case No. 116251018).  Mr. Wise states that neither Detective Storie, nor anyone else, identified him as the shooter, passenger, driver, or as being present at the time of the shooting.  ECF No. 1, p. 3.  Based on his acquittal and the lack of identification of him at trial, Mr. Wise argues that Detective Storie "falsified documents and committed perjury in order to obtain an arrest warrant for [his] arrest." *Id*.  He alleges that he was subjected to "false imprisonment, pain and suffering and decimation[sic] of character." *Id*., p. 5.

Mr. Wise earlier had entered an *Alford* plea on May 27, 2015, to a drug charge in the Circuit Court for Baltimore City, Case No. 113364004.  ECF No. 9-4, p. 3 (docket sheet for Case No. 113364004).  On February 10, 2016, he was sentenced to 14 years imprisonment, with all but one day suspended, and placed on three years of probation.  *Id*., p. 8.  As a result of the charges in Case No. 116251018, Mr. Wise was charged with violating probation in Case No. 113364004. *Id*; ECF No. 1, p. 3.

On January 10, 2019, the Honorable Wanda Keys Heard of the Circuit Court for Baltimore City found that the State had established that Mr. Wise violated his probation when, as a felon, he was in actual or constructive possession of a firearm and ammunition in his motor vehicle.  ECF

No. 9-5.  Judge Heard explained that while she could "see clearly why the State had problems at [the criminal] trial because the very big holes for trial purposes beyond a reasonable doubt are you're missing integral witnesses or you have them and they're not being cooperative or you have them and they're not being honest" (*id.*, p. 63), the court's "standard of review [for violation of probation] is a preponderance of the evidence standard, whether or not the State has proven the case more likely so than not so."  *Id.*  Judge Heard, crediting Detective Storie's investigation and the piecing together of the available evidence, concluded that the State established that the vehicle used in the crime belonged to Mr. Wise, that he "had dominion and control over it, actual or constructive.  He was responsible for everything in it and that would include guns or/and ammunition."  *Id.*, p. 66.  Judge Heard found that Mr. Wise violated his probation (*id.*, p. 67), revoked his probation, and sentenced him to ten years' incarceration in Case No. 113364004. *Id.*, p. 79.  The docket entries for the violation of probation indicate that the sentence ran from May 10, 2017, indicating that Mr. Wise received credit for the 610 days he was detained pending resolution of the criminal case.  *See* website http://casesearch.courts.state.md.us/casesearch *State v. Wise*, Circuit Court for Baltimore City, Case No. 113364004 (last visited August 19, 2020).  Mr. Wise remains incarcerated on that conviction.  ECF No. 1, p. 3.  His appeal of the revocation of his probation was denied by the Court of Special Appeals of Maryland on April 2, 2020.  *See* website http://casesearch.courts.state.md.us/casesearch *State v. Wise*, Circuit Court for Baltimore City, Case No. 113364004 (last visited August 19, 2020).

## DISCUSSION

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that when a successful civil rights action necessarily implies the invalidity of a plaintiff's conviction or sentence, the civil claim must be dismissed unless the plaintiff demonstrates "that the conviction or sentence has been

reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." 512 U.S. at 486–87.  A plaintiff does so by achieving "favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." *Muhammad v. Close*, 540 U.S. 749, 751 (2004) (per curiam). One purpose of this requirement is to avoid parallel litigation over issues.  The Supreme Court's ruling in *Heck* also applies to probation and parole violation proceedings. *McGrew v. Texas Bd. Of Pardons & Paroles,* 47 F.3d 158, 161 (5th Cir.1995) (finding that an action challenging validity of probation revocation proceedings calls into question the fact of confinement and thus is subject to *Heck*); *Singleton v. United States*, 2011 WL 5509024 * 2 (D.S.C. July 19, 2011) (holding that "Plaintiff's allegations of wrongdoing by Defendants in connection with his arrest/pick-up on and prosecution of the 2010 probation-violation charges are also *Heck*-barred because it is obvious that Plaintiff's conviction on the charges has not been overturned since he is still incarcerated on that conviction.")

Here, while the criminal trial regarding the shooting of Mr. Bailey terminated in Mr. Wise's favor, his probation revocation, based on the same statement of facts written by Detective Storie, did not.  The revocation of Mr. Wise's probation has not been reversed, expunged, declared invalid or otherwise called into question to satisfy *Heck*.  A successful outcome in this case necessarily requires a finding that Detective Storie's statement of charges was knowingly false and would call into question Judge Heard's finding, based on a preponderance of the evidence,  that Mr. Wise had been in actual or constructive possession of a gun in a vehicle while a felon, on probation.  Because

Mr. Wise's probation revocation has not been overturned or otherwise invalidated, pursuant to *Heck*, he may not bring this suit.[2]

## CONCLUSION

For the foregoing reasons, the court will grant Defendant's motion and dismiss the complaint.  A separate Order follows.

September 1, 2020

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge

---

[2]   Having found Mr. Wise's federal claim *Heck*-barred the court need not and does not reach Defendant's other arguments.  Additionally, to the extent Mr. Wise raises state tort claims, the court declines to exercise supplemental jurisdiction.  *See* 28 U.S.C. § 1367(c)(3); *United Mine Workers v. Gibbs,* 383 U.S. 715, 726 (1966).